## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

     *Plaintiff,*

v.

                        **Case No. CR-20-240-F**

                        **Hearing Requested**

COURTNEY WELLS, *et al.*

     *Defendants.*

## **INTRODUCTION**

**COMES NOW**, the Defendant **COURTNEY WELLS**, by and through her counsel of record, and does hereby move for a judgment of acquittal on all Counts, pursuant to Fed.R.Cr.P. 29(c)(2).[1]  This rule permits a court to set aside a guilty verdict and enter a judgment of acquittal when the evidence presented at trial is insufficient to sustain a conviction. "Sufficiency of evidence is a question of law." *United States v. Rahseparian*, 231 F.3d 1257, 1261 (10th

---

[1] In a separate filing, Ms. Wells joined co-defendants Mayes and Gooch in a separate Rule 33 motion for new trial. [Doc. 195].  The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal, as Rule 33 provides that a court may grant a new trial "if the interest of justice so requires."  A new trial is warranted if, "after weighing the evidence and the credibility of the witnesses, the court determines that 'the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred.'" *United States v. Gabaldon*, 91 F.3d 91, 93–94 (10th Cir. 1996) (quoting *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994).

Cir. 2000); *United States v. Carter*, 130 F.3d 1432, 1439 (10th Cir. 1997). The law and the facts, and the lack of evidence, demand for dismissal.

Ms. Wells was charged with, and convicted of, one count of conspiracy to commit wire fraud, as well as the of aiding and abetting the commission of various substantive offenses, wire fraud, aggravated identity theft, and uttering forged securities. Even with the evidence viewed in a light most favorable to the government, it is grossly insufficient to sustain Ms. Wells' conviction. The guilty verdict should be set aside. A hearing for argument is requested for presentation.

## STANDARD OF REVIEW

The standard for evaluating a Rule 29 motion for judgment of acquittal is the same as the due process standard used in evaluating whether the evidence is sufficient to sustain the verdict: whether viewing all the evidence in the light most favorable to the government,[2] any rational juror could find the defendant guilty beyond a reasonable doubt. *United States v. Hale*, 762 F.3d 1214, 1222 (10th Cir. 2014); *Jackson v. Virginia*, 443 U.S. 307, 319

---

[2] "Although *Jackson* requires the reviewing court initially to construe all evidence in favor of the government, the evidence so construed may still be so supportive of innocence that no rational juror could conclude that the government proved its case beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc). "[E]vidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case." *Id.* (emphasis added).

(1979). Although the evidence is to be viewed in the light most favorable to the prosecution, <u>a conviction can only be sustained where "there is substantial evidence</u>." *United States v. Harris*, 441 F.2d 1333, 1336 (10th Cir. 1971). Substantial evidence "must clearly <u>do more than raise a suspicion of the existence of the facts sought to be established, or a suspicion of guilt</u>." *Cartwright v. United States*, 335 F.2d 919, 921 (10th Cir. 1964) (emphasis added0. Notably, even if evidence of guilt and evidence of innocence are in equipoise, a conviction cannot stand. *See United States v. Lovern*, 590 F.3d 1095, 1107 (10th Cir. 2009).[3]

## I.   <u>BACKGROUND</u>

### A. Courtney Wells

Ms. Courtney Wells is a 36-year-old single mother who dropped out of high school in Norman, Oklahoma when she be became pregnant. Tr. 2351-2352. Her work history prior to working at the Big Red dealerships was working as a "carhop" at Sonic and as a dispatcher for a wrecker service. *Id*. She joined Big Red as a receptionist after applying for the job in the local newspaper. *Id*. Soon thereafter, she worked in the <u>accounting office</u> doing filling and running errands, until she was promoted again to "accounts

---

[3] *See also United States v. Flores- Rivera*, 56 F.3d 319, 323 (1st Cir. 1995); *United States v. Glenn*, 312 F.3d 58, 70 (2d Cir. 2002); *United States v. Caseer*, 399 F.3d 828, 840 (6th Cir. 2005); *United States v. Wright*, 835 F.2d 1245, 1249 n.1 (8th Cir. 1987); *Cosby v. Jones*, 682 F.2d 1373, 1383 (11th Cir. 1982).

payable. Tr. 2354-55. In 2010 after the Controller was fired, Ms. Wells was promoted to that position within the <u>accounting department</u>. Tr. 2356. Ms. Wells never worked as a salesperson, sales manager, finance department, or an "front-of-house" position that dealt with sales. Tr. 2357-58.

## B. The Indictment versus the Presentation of Evidence

The Government's case was never supported by any evidence. More accurately, the Government never presented any evidence that supported the allegations contained in the indictment. [Doc. 1]. A review of the Indictment and the transcripts of trial are at great odds:

A. To begin with, the government alleged in its indictment [Doc. 1], that as a part of the "manner of means" of Count One's conspiracy charge that Ms. Wells (along with Mr. Mayes and Gooch) "advertised on local radio stations and elsewhere that they were able to sell cares and secure financing for vehicle purchases to individuals with bad credit or no credit." *Id*. at p. 7-8. There was no evidence presented that ever referenced this allegation or supported it. As the evidence was undisputed, Ms. Wells worked in accounting and did nothing like this as described.

B. Next, the Government alleges as a part of its acts in furtherance of the conspiracy, that Ms. Wells "generated sales contracts and financing documents that were wired to Lenders falsely . . .." and was involved

4

with teaching salespeople, sales managers, and finance office staff to write "that the down payment was comprised of 'King Cash,'" as well as that Ms. Wells was involved in "coach[ing]" customers to tell lenders to "repeat the lie." *Id*. at p. 9. Again, there was not a single offering of this evidence that referenced Ms. Wells involvement with this allegation or even an argument that supported it. As the evidence was undisputed, Ms. Wells worked in accounting – not sales or finance - and did nothing like this as described.

C. The Government further alleged to the jury that Ms. Wells "instructed managers and car salespeople at the Big Red Dealerships to offer individuals interested in buying vehicles who did not have cash. For a down payment that they could instead pawn items with Norman Pawn & Gun. *Id*. at p. 10. Again, there was no evidence, in any form, that supported that Ms. Wells "instructed managers and car salespeople." To the contrary, the only evidence at trial stated to the contrary.

D. Next, the Government claimed, without any evidence at trial, that Ms. Wells directed "[s]ales managers, salespeople, and finance office workers" to submit proposed sales terms and down payment amounts to lenders. *Id*. Once again, no evidence was presented at trial supporting this claim. The Government then alleged that Ms. Wells approved of sales managers and salespeople to complete retails sales

contracts and to finalized loan contracts 476 times . . . ." *Id.* at p. 10-11. Once again, the Government failed to show an iota of evidence supporting this accusation.

E. The Government further claimed Ms. Wells (along with Mr. Mayes, Mr. Gooch, and others under their direction) "encouraged sales managers and salespeople . . . to offer financing to customers if the customer was willing to document a vehicle trade-in, even when the customer was not actually providing the trade-in vehicle . . . ." *Id.* at 12-13. In addition, the Indictment alleged Wells, "and others operating under the direction and control" called these trades as "In and Outs" or "Dollar Buybacks." *Id.* Again, the Government presented no evidence, as it did not exist, that Ms. Wells was involved with any of these accusations as none of those individuals involved with this were "under the direction and control" of Ms. Wells.

F. The Government also alleged, and presented no evidence of, that Ms. Wells (along with Mayes and Gooch) "prepared hundreds of sales contracts and financing documents that were wired to lenders" with false documentation. *Id.* at p. 13. No evidence was presented supporting this claim. Ms. Wells worked in accounting, not finance. She did not "prepare" sales contracts.

G. The Government also charged Ms. Wells "controlled" the Big Red Dealerships and was responsibly with selling "approximately 636 vehicles and securing loan proceeds from lenders by "sending information by wire to the Lender for the loans to be approved based on fictitious trade-ins."  There was no evidence that Ms. Wells.  While false on all accounts, Ms. Wells did not "control" Big Red, and the Government did not present any evidence at trial supporting this claim.

H. In addition, the Government falsely alleged that Ms. Wells "knew that the lenders would not have agreed to provide or purchase such loans if the true nature of the sale was described to the lenders."  *Id*. at p. 14. Not only did the Government present any evidence of this claim of "knowledge," the only evidence presented supports that Ms. Wells could not have had this knowledge in the accounting department

## II.  THE GOVERNMENT DID NOT PRESENT SUFFICIENT EVIDENCE TO CONVICT MS. WELLS OF ANY COUNTS OF THE INDICTMENT

The Court should also enter a judgment of acquittal, even taken in the light most favorable to the Government, the evidence was insufficient evidence at trial to establish beyond a reasonable doubt.  Count One of the Indictment charges the defendants with a conspiracy to commit wire fraud. The "presence at the scene of a crime may raise a suspicion of guilt, such evidence is not sufficient to sustain a verdict of guilty on a conspiracy charge

and that 'mere knowledge or approval of or acquiescence in the object and purpose of the conspiracy without an agreement to cooperate in achieving such object or purpose does not make one a party to a conspiracy.'" *United States v. Lopez*, 576 F.2d 840, 844 (10th Cir. 1978). Further, a conviction "should not be obtained by 'piling inference upon inference.'" *Id*. Notably, none of the allegations that were presented in the Indictment were substantiated by evidence.

Ms. Wells, in accounting, had the role of forwarding the documents sent to her by the Finance Department and the Sales department to the lender. It was not her role to ensure accuracy, or to be involved with either. Further, Ms. Wells involvement in any accusations of identity theft are misplaced. It is undisputed that the sales were done with assistance of a "Power of Attorney," and Ms. Wells (as was other employees) were informed that the "Power of Attorney" authorized the signing of checks in customers names. This is not a crime in of itself.

## CONCLUSION

For the foregoing reasons, Ms. Courtney Wells respectfully requests this Honorable Court grant her Motion and enter a judgment of acquittal on all counts.

Dated:     March 1, 2022          Respectfully submitted,

*/S/ Robert D. Gifford*

ROBERT D. GIFFORD, OBA #17034
**Gifford Law, P.L.L.C.**
P.O. Box 2682
Oklahoma City, OK  73101-2682
T:  405.778.4647 | F:  877.295.0287
E:  Robert.Gifford@GiffordLawyer.com

**ATTORNEY FOR MS. WELLS**

## Certificate of Service

This is to certify that on March 1, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a notice of electronic filing to counsel of record.

Respectfully submitted,


_/S/ Robert D. Gifford_
ROBERT D. GIFFORD, OBA #17034
**GIFFORD LAW, P.L.L.C.**
P.O. Box 2682
Oklahoma City, OK 73101-2682
T: 405.778.4647 | F: 877.295.0287
E: Robert.Gifford@GiffordLawyer.com

_Counsel for Ms. Wells_

_/S/ Tommy Adle_
THOMAS ADLER, II, OBA #19997
**ATKINS MARKOFF ADLER**
9211 Lake Hefner Parkway, Suite
Oklahoma City, OK 73120
T: 405.607.8757| F: 405.607.8749
E: TAdler@atkinsandmarkoff.com

_Counsel for Ms. Wells_