# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CR-20-240-F |
| BOBBY CHRIS MAYES, CHARLES GOOCH and COURTNEY WELLS, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

The court has reviewed the parties' filings relating to Defendant Mayes' Motion for New Trial Based on Newly Discovered Evidence, doc. no. 227. The court has concluded that if the newly discovered evidence motion is not rendered moot by the court's ruling on one or more of the other post-trial motions, an evidentiary hearing will be necessary with respect to the newly discovered evidence motion. All pending motions are set for hearing on November 15 and 16, 2022, to begin at 9:00 a.m. on the 15th. It is likely, but not certain at this point, that November 17 will also be available, if necessary.

The court will take up all motions other than the newly discovered evidence motion first. The parties should be prepared for very brief proceedings with respect to the motions other than the newly discovered evidence motion–proceedings that might amount to nothing more than the court ruling from the bench, on the basis of the papers now before the court, with respect to those motions. Accordingly, if it should be necessary to take up the newly discovered evidence motion, the evidentiary hearing will begin fairly early on November 15. Defendant Mayes has the burdens of proof and persuasion on that motion, so he should have his witnesses

ready to go.  The court is prepared to put in long days in these proceedings if that is necessary in order to conclude the proceedings in the time available that week.

The legal and factual issues presented by the newly discovered evidence motion are fairly discernible from the papers.  Among those issues would be:[1]

- The authenticity and admissibility of the May 3 emails and the old emails.
- The circumstances of the disappearance of defendant Courtney Wells (to the extent relevant to other matters asserted in the newly discovered evidence motion).
- The admissibility of evidence of the asserted additional fraud (to include the issue of whether it qualifies as newly discovered evidence).

All parties–and the court–deserve to have a good understanding of what to expect in the evidentiary hearing on the newly discovered evidence motion (if that motion is not rendered moot by rulings on other motions).  For that reason, the court further orders as follows:

Defendant Mayes shall file his witness and exhibit list for the hearing on the newly discovered evidence motion not later than October 3, 2022.

The government shall file its witness and exhibit list for the hearing on the newly discovered evidence motion not later than October 13, 2022.[2]

Defendant Mayes shall file a summary of anticipated Rule 702 expert testimony not later than October 3, 2022.  The government shall file a summary of anticipated Rule 702 expert testimony not later than October 13, 2022.

The court will hold a pre-hearing conference, in chambers, on October 26, 2022, at 3:00 p.m.  The conference will be attended by counsel only.  The conference will relate only to the newly discovered evidence motion.  That said, if counsel for

---

[1] This is not an exhaustive list.

[2] Witness and exhibit lists shall be on the forms used for trial, as found at http://www.okwd.uscourts.gov/wp-content/uploads/2015/03/ao187.pdf.

the other defendants wish to attend and observe, they are free to do so.[3]  At the pre-hearing conference, the court intends to address such matters as the length of the parties' intended presentations, anticipated evidentiary issues, stipulations, and other matters relevant to conducting the hearing fairly and efficiently.

   IT IS SO ORDERED this 15th day of September, 2022.

STEPHEN P. FRIOT<br>
UNITED STATES DISTRICT JUDGE

20-0240p069.docx

---

[3] Attendance, with the court's permission, of counsel for defendant Wells, would be without prejudice to any contentions the government may make at a later stage as to the consequences of her fugitive status.